IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:22-CR-31 (WLS-TQL-1) |
| | : | |
| BURL L. BARGERON, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

On March 23, 2023, this Court held a hearing on the Government's Amended Petition to revoke Defendant Bargeron's term of supervised release (hereinafter "Petition"), which was filed on December 9, 2022. (Doc. 16).

Defendant Bargeron's supervised release was transferred to this Court from the Middle District of Florida, Jacksonville Division, on September 2, 2022. (Doc. 1). Originally, Defendant was indicted in a two-count indictment for Possession of a Firearm by a Convicted Felon in the Middle District of Florida. (Doc. 1-1). Subsequently, pursuant to a bench trial on December 15, 2009, in the Middle District of Florida, Defendant was found guilty on Counts One and Two of the indictment on the offense of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 1-2). Defendant was sentenced on December 13, 2010, to one-hundred and eighty (180) months of imprisonment as to each Count One and Count Two, to run concurrently, followed by four (4) years of supervised release as to each Count One and Count Two of the Indictment to run concurrently. (Doc. 1-2).

Defendant's term of supervised release commenced on December 23, 2020. (Doc. 16). The United States Probation Office initially petitioned this Court for a warrant on December 1, 2022. (Doc. 4). It then submitted its Amended Petition (Doc. 16) on December 9, 2022, Pursuant to the Petition (Doc. 16), Defendant allegedly committed ten violations of his supervised release. (*Id.*)

At the revocation hearing on March 23, 2023, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that he had reviewed it. The Court advised Defendant of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify (Defendant was also advised that he was not required to testify or present a defense)—all of which Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Petition (Doc. 16) and Revocation Report (Doc. 20) and reviewed them. Neither the Government nor the Defendant had objections to the Presentence Report. Defendant stated he had spoken to his counsel about the Petition and did not wish to have a hearing on it, but rather wished to stipulate to all violations alleged in the Petition.

Accordingly, the Court found that Defendant freely, knowingly, and voluntarily waived his rights to a hearing and stipulated to the alleged violations of supervised release for the purposes of the revocation hearing outlined at Violation Numbers 1–10 of the Petition. (Doc. 16). As such, the Court found that Defendant had committed the alleged violations by a preponderance of the evidence and that Defendant did violate the conditions of his supervised release.

The Court heard from the Government, Defense counsel, Defendant, and Defendant's fiancé and sister. The Court then declared Defendant's supervised release revoked.[1] The Court took into consideration Defendant's U.S. Sentencing Guidelines range of 8 to 14 months, which was based on Defendant's Grade C violation and criminal history category of VI. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court found the guideline range was inadequate, and sentenced Defendant to twenty-four (24) months imprisonment, with supervised release to follow for twenty-four (24) months, which includes the mandatory, standard, and special conditions of supervised release as noted in the Revocation Report (Doc. 20). The Court found this sentence appropriate to

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 Fed. App'x 929, 931 (11th Cir. 2012 (quoting United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).

reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and to protect the public. The Court further found that supervised release will be helpful for Defendant because of the nature of the circumstances of Defendant's addiction.

For the aforementioned reasons, the Government's Amended Petition (Doc. 16) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Accordingly, Defendant Bargeron is sentenced to twenty-four (24) months of imprisonment, in the custody of BOP, followed with a term of supervised release of twenty-four (24) months.

**SO ORDERED**, this  24th  day of March, 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**